## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, ) ) Plaintiff, ) ) Vs. ) ) WILD BUNCH, INC., ) ) Defendant. ) | Case No.: 1:25-cv-12034 |

### COMPLAINT FOR BREACH OF CONTRACT AND FOR REPLEVIN

NOW COMES First-Citizens Bank & Trust Company ("Plaintiff" or "First-Citizens"), by and through its attorneys, and for its Complaint for Breach of Contract and for Replevin against Wild Bunch, Inc. ("Wild Bunch" or "Defendant"), states as follow:

### INTRODUCTION

Plaintiff loaned money to Wild Bunch to purchase equipment and secured the equipment with a purchase money security interest. Subsequently, Wild Bunch stopped making payments. The personal guarantor, who guaranteed both payment and performance, filed for bankruptcy. Plaintiff is seeking a money judgment pursuant to the terms of its Loan and Security Agreement with Defendant. Plaintiff is also entitled to the return of the equipment.

In Count One, Plaintiff is seeking money judgment pursuant to the loan and security agreement against the borrower Wild Bunch.

In Count Two, Plaintiff is seeking replevin to recover its truck. *See* 735 ILCS 5/19-101 et. seq. and FRCP 64.

### PARTIES

1

1. First-Citizens is a state-chartered bank under the State of North Carolina with its principal place of business and its main office in Raleigh, North Carolina.

2. Wild Bunch is an Illinois corporation with an address at 6262 S. Kingery Hwy, Ste 312, Willowbrook, Illinois 60527. The registered agent is Kiliment Poposki, 6262 S. Kingery Hwy, Ste 312, Willowbrook, Illinois 60527.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and is between citizens of different States.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants are residents of this judicial district and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## FACTS

<u>Loan and Security Agreement 9350217-001</u>

5. On or about November 19, 2021, BMO Harris Bank N.A. ("BMO") and Wild Bunch executed a Loan and Security Agreement 9350217-001 (the "Agreement"), whereby BMO financed Wild Bunch's purchase of the following described equipment (the "Equipment"):

>One (1) 2019 Freightliner Cascadia-Series CA 12564SLP 125"BBC Conv Cab W/72"RR SLPR Tractor 6x4, serial number 3AKJHHDRXKSKB6047.

6. Pursuant to the terms of the Agreement, Wild Bunch agreed to pay BMO the amount of $144,421.20, which was to be paid in sixty (60) consecutive monthly installments (each in the amount of $2,407.02) commencing on January 1, 2022, with like installments being

due and payable on each succeeding month thereafter until the Agreement is paid in full. A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit A**.

7. Additionally, on or about November 19, 2021, Wild Bunch confirmed that the Equipment was delivered. *See* **Exhibit A**.

8. Pursuant to the Agreement, BMO was granted a first-priority purchase money security interest in the Equipment. *See* **Exhibit A**.

9. The security interest was perfected by BMO noting its lien on the Certificate of Title. *See* **Exhibit A**.

10. On or about October 26, 2023, BMO assigned all of its right, title, interest and obligations under the Agreement to First-Citizens. A true and correct copy of the Notice of Assignment of Account # 9350217-001 is attached hereto and incorporated herein as **Exhibit B**.

11. First-Citizens performed all of its obligations under the Agreement.

12. Wild Bunch is in default under the terms and conditions of the Agreement, including as a result of failing to make payments due.

## COUNT I
## BREACH OF CONTRACT AGAINST WILD BUNCH
## UNDER LOAN AND SECURITY AGREEMENT 9350217-001

13. First-Citizens herein incorporates all prior and subsequent allegations in this pleading.

14. The elements of breach of contract are: (1) a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach.

15. The Agreement represents valid, enforceable contracts between First-Citizens and the Defendant Wild Bunch.

16. First-Citizens, as successor-in-interest to BMO, performed its obligations by providing the financing for the Equipment under the Agreement as requested.

17. Pursuant to the terms of the Agreement, Wild Bunch promised to pay First-Citizens sixty (60) monthly payments of $2,407.02 each, all as more fully set forth therein. *See* **Exhibit A**.

18. Wild Bunch defaulted under the terms and conditions of the Agreement by failing to make all payments due and owing.

19. As a result, First-Citizens accelerated all amounts due from Wild Bunch under the Agreement and declared the entire unpaid balance of the Agreement due and owing. The amount Wild Bunch owes to First-Citizens is $126,500.01 as set forth in **Exhibit C**. In addition, pursuant to paragraph 5.3 of Exhibit A, default interest is accumulating at the rate of one and one-half percent (1 ½%) per month which is $62.38 per day subsequent (conservatively) to October 1, 2023. As of September 15, 2025, the default interest due and owing is $44,601.70. *See* paragraph 5.3 of Exhibit A. Attorney fees are also due and owing to First-Citizens. "Debtor shall also pay to Lender all expenses of retaking, holding, preparing for sale, selling and the like, including without limitation (a) the reasonable fees of any attorneys retained by Lender, and (b) all other legal expenses incurred by Lender." *See* paragraph 5.2 of the Agreement.

WHEREFORE, Plaintiff, First-Citizens Bank & Trust Company, respectfully requests that this Court enter judgment in its favor and against Wild Bunch, Inc., in the amount of not less than $126,500.01, plus default interest of $44,601.70, plus additional default interest accruing to the date of judgment, plus attorney fees and costs.

**COUNT II**
**REPLEVIN (735 ILCS 5/19-101 et. seq.) or IN THE ALTERNATIVE A FINAL ORDER FOR TURNOVER**

20. First-Citizens herein incorporates all prior and subsequent allegations in this pleading.

21. First-Citizens has a first priority purchase money security interest in the Equipment, as set forth above.

22. Paragraph 2.1 of the Agreement states, "Debtor hereby grants to Lender a first priority security interest in the Equipment to secure (a) payment of the Total Amount and all other obligations of Debtor to Lender under this Agreement…." *See* **Exhibit A**.

23. First-Citizens is entitled to possession of the Equipment upon the failure of the Defendant to pay First-Citizens as promised under each of the Agreement. *See* **Exhibit A**. Paragraph 5.2 of the Agreement states, in part: "Upon the occurrence of an event of default, and at any time thereafter as long as the default continues, Lender may, at its option, with or without notice to Debtor … (iv) exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws, including the right to require Debtor to assemble the Equipment and deliver it to Lender at a place to be designated by Lender…." *See* **Exhibit A**.

24. In addition, Section 9-609(a)(1) and (c) of the Uniform Commercial Code, captioned "Secured Party's Right to Take Possession After Default" provides, in pertinent part, that after default, a secured party may take possession of the collateral and, if so agreed by the parties, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. *See* 810 ILCS 5/9-609.

25. Article 9 of the Uniform Commercial Code also provides that Plaintiff may dispose of the Equipment. *See* 810 ILCS 5/9-610(a).

26. Plaintiff is entitled to the remedies provided under Uniform Commercial Code as to the Equipment as well as remedies provided by the Agreement of the parties. *See* 810 ILCS 5/9-601.

27. Defendant is in possession or control of the Equipment.

28. Defendant is wrongfully detaining the Equipment.

29. Plaintiff has made demand upon Defendants for the return of the Equipment and Defendants have failed or refused to return or surrender it.

30. The Equipment has not been taken for any tax, assessment or fine levied by virtue of any law of the state of Illinois, or any other state, against the property of Plaintiff, or against it individually, nor seized under any execution or attachment or order for replevin entered by any court against the goods and chattels of Plaintiff liable to execution or attachment, or order for replevin nor held by virtue of any order of replevin against Plaintiff.

31. The Equipment is not earnings and is not otherwise exempt from execution.

32. The Equipment is materially declining in value.

33. The remedies for repossession of the Equipment and for money damages may be exercised simultaneously. *See* 810 ILCS 5/9-601(c), and Official Comment 5 to 5/9-601.

WHEREFORE, Plaintiff, First-Citizens Bank & Trust Company, respectfully requests that this Court enter an Order as follows:

a) That an Order for Replevin be issued in favor of First-Citizens Bank & Trust Company for possession of:

One (1) 2019 Freightliner Cascadia-Series CA 12567SLP 125"BBC Conv Cab W/72"RR SLPR Tractor 6x4, serial number 3AKJHHDRXKSKB6047.

together with all replacements, parts, repairs, additions, accessions and accessories incorporated into the foregoing equipment or affixed to the foregoing equipment; and authorizing the United States Marshall to enter upon the property where the Equipment is located to remove the Equipment; and that the United States Marshall may use all reasonably necessary force to enter upon the premises where the aforesaid Equipment is located to remove the aforesaid Equipment; and the United States Marshall shall deliver the aforesaid Equipment to First-Citizens Bank & Trust Company or a representative of First-Citizens Bank & Trust Company;

b) That Wild Bunch shall reasonably cooperate with First-Citizens Bank & Trust Company and the US Marshall in recovering the Equipment, together with all their replacements, parts, repairs, additions, accessions and accessories incorporated into the said equipment or affixed to the said equipment.

c) Ordering Wild Bunch to turn over to First-Citizens Bank & Trust Company, the

One (1) 2019 Freightliner Cascadia-Series CA 12564SLP 125"BBC Conv Cab W/72"RR SLPR Tractor 6x4, serial number 3AKJHHDRXKSKB6047

in the condition originally delivered, reasonable wear and tear excepted.

d) For such other and further relief as this Court deems just.

Respectfully Submitted,

FIRST-CITIZENS BANK & TRUST COMPANY,

By: */s/ Kenneth D. Peters*
Kenneth D. Peters
IL Bar No. 6186034
D. Ann Brooks
IL Bar No. 6277270
Dressler Peters, LLC

7

101 W Grand, Suite 404
Chicago, IL 60654
Phone: (312) 602-7360
Fax: (312) 637-9378
Email: kpeters@dresslerpeters.com
abrooks@dresslerpeters.com